IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KURVYN MINOR,

    Petitioner,

v.                                                      Civil Action No. **3:14CV472**

**HAROLD W. CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Petitioner, Kurvyn Minor, a Virginia prisoner proceeding *pro se*, submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions in the Circuit Court of the County of Hanover, Virginia. The Court previously dismissed a § 2254 Petition from Minor concerning these convictions. *See Minor v. Johnson*, No. 3:08–CV–532, 2009 WL 485116, at *6 (E.D. Va. Feb. 26, 2009).

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Minor has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2254 petition challenging his probation revocation, this Court lacks jurisdiction to

entertain the present § 2254 petition. Accordingly, the action will be DISMISSED FOR LACK OF JURISDICTION.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

No law or evidence suggests that Minor is entitled to further consideration in this matter. A certificate of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 8-4-14
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge